USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

UNITED STATES DISTRICT COURT

SOUTHERN DISRICT OF NEW YORK

-------------------------------------------------------------X

JOHN WILEY & SONS, INC. ,

                Plaintiff,


          -against-


JOHN DOE NOS.  1 – 30,

                Defendants.

-------------------------------------------------------------X

12 CV 3782

## MOTION TO QUASH AND FOR A PROTECTIVE ORDER

TO THE HONORABLE LAURA TAYLOR SWAIN, US DISTRICT JUDGE:

      Alleged John Doe No. 9 (24.187.119.248) _____, hereby moves pro se, pursuant to Fed.

R. Civ. P. 26© and 45©, to quash and for a protective order concerning the subpoena which the plaintiff

recently served on Cablevision to obtain documents sufficient to locate and identify the Optimum Online

(Cablevision Systems) users for each defendant to whom the ISP assigned an IP address in this

proceeding, and respectfully states as follows:

### Relief Sought

1.  I, _____ am alleged to be John Doe No. 9 (24.187.119.248), respectively.

2.  I respectfully move to quash and for a protective order, because the subpoena seeks documents

    and information which are confidential and palpably irrelevant to the pending proceedings.  I

have never utilized BitTorrent to download the plaintiffs' trade book "Window 7 Secrets", there is improper joinder, improper venue, and a lack of personal jurisdiction.

## BackGround And Facts

3. It is alleged by Plaintiff that I am John Doe NO. 9 (24.187.119.248) and that I used BitTorrent to assess, copy and distribute the Plaintiff's book "Window 7 Secrets". I have never used BitTorrent to access, copy or distribute the Plaintiff's book. Plaintiff is unable to show that I am John Doe No. 9 (24.187.119.248) and that I am somehow the person that used that IP address to download the Plaintiff's book.

4. If the IP address that is linked to my Cable/Internet Service was utilized to download the Plaintiff's book, it was done so because my IP address was not secure and IP addresses by their very nature are not static. My IP address was not locked and could have been accessed by an unknown party at an unknown location via "piggybacking". I live in close proximity to multiple businesses, the public library, several schools, and multiple parks and there is nothing to stop an unknown individual from accessing an insecure IP address from any of these locations. There was nothing preventing a stranger or a neighbor or a person passing by on the bus from using my insecure IP address.

5. I was never personally served or contacted regarding the nature of this case until July 16, 2012 when Cablevision sent a letter to my address by United States Postal Service that included this court's order and subpoena requiring Optimum Online to turn over documents(non-specific) related to the services provided to me by their company.

## Legal Authority

6. Pursuant to Fed. R. Civ. P. 26(c), the court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c)

7.  Moreover, pursuant to Fed. R. Civ. P. 45(c), the court "shall quash or modify (a) subpoena if it subjects a person to undue burden". Fed. R. Civ. P. 45(c) (3) (A); Rule 26(b)(2), in turn, provides for reasonable limitations on discovery, and specifically incorporates Rule 26(c). See Fed. R. Civ. P. 26(b)(2) ("The court may act upon its own initiative after reasonable notice or pursuant to a motion under Ruld 26(c)").

8.  A Motion to Quash may be utilized to preserve the objecting party's anonymity. Sony Music Entm't Inc v. Does 1 – 40, 326 F. Supp. 2d 556(S.D. N.Y. 2004)

9.  Joining multiple John Doe Defendants is improper since the same file was not downloaded; and even if the same file were downloaded, downloading the same file does not mean that each defendant is engaged in the same transaction or occurrence or that each defendant is acting together. Io Group, Inc. v Does 1 – 435, case no. 10-4382-SI (N.D. Cal. Feb. 3, 2011). The joining of multiple defendants creates manageability issues and does not promote judicial efficiency, especially when each defendant has unique factual and legal issues. The joining of multiple defendants does not allow for the privacy rights of the defendants to be protected. On the Cheap, LLC, a California Corporation v. Does 1 – 5011, NO C10-4472 BZ (US District Ct. N.D. CA filed 9/6/11).

10. Joinder violates the "principles of fundamental fairness" and is prejudicial to defendants who have different factual and legal claims and are located in different places. Coleman v Quaker Oats Co., 232 F. 3d 1271, 1296 (9th Circ. 2000).

11. There are also issues of Jurisdiction and Venue. See CP Prods. Inc v. Does 1 – 300, 2011 WL 737761 (N.D. Ill. Feb. 24, 2011).

12. It is settled that there is a disconnect between a IP address and a copyright infringer. VRP Internationale v. Does 1 – 1017, 11-2068(US District Ct. Central Dist. Of Illinois April 29, 2011). "Most if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of this or her family, an employee, invitee, neighbor or

interloper". K- Beech, Inc v. John Does 1 – 37 (US District Court of Eastern NY, May 2012). A defendant should not be held accountable for the improper use of an IP address that was "piggybacked" by an unknown party. Expedited discovery in this matter had the potential to cause innocent persons to "wrest quick settlements" especially where "the embarrassment of public exposure might be too great, the legal system too daunting and expensive" for the defendant to wait for the Plaintiff to put forth competent evidence. Id – at – 3.

## **Conclusion**

13. For the forgoing reasons, the subpoena should be quashed, a protective order to protect my identity should be issued and this court should issue an Order so Quashing the Subpoena, together with such other and further relief as the court deems just and proper.

Dated:

July 27, 2012

Pro Se Defendant

Alleged John Doe No.9(24.187.119.248)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Wiley & Sons, Inc. ,
_____
                    Plaintiff
_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

      - against -

John Doe Nos. 1 - 30,
_____

                    Defendants
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

12 ___ Civ. 03782 ___ ( ) ( )

**AFFIRMATION IN
SUPPORT OF MOTION**

_____ (24.187.119.248) **, affirm under penalty of perjury** that:

1.  _24.187.119.248_ , **am the plaintiff/defendant** in the above entitled action,
    *(name)*                              *(circle one)*

and respectfully move this Court to issue an order To Quash Subpoena and for a Protective Order
                                                    *(state what you want the Judge to order)*

2.  The reason why I am entitled to the relief I seek is the following *(state all your reasons*
*using additional paragraphs and sheets of paper as necessary):* I respectfully move to Quash and for a Protective Order,

because the Subpoena seeks documents and information which are confidential and palpably irrelevant to the

pending proceedings, I have never utitlized BitTorrent to download the Plaintiffs book, "Windows 7 Secrets",

there is improper joinder, improper venue, and a lack of personal jurisdiction.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such

other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _____ , NY            Alleged John Doe No. 9.
            *(city)*        *(state)*       24.187.119.248
       July ____ 27 ____ 20 12 ____ ,      Telephone Number _____
       *(month)* *(day)*  *(year)*
                                           Fax Number *(if you have one)* _____

*Rev. 05/2007*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_John Wiley & Sons, Inc._

_(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)_

- against -

_John Doe Nos. 1-30_

_(In the space above enter the full name(s) of the defendant(s)/respondent(s).)_

_12_ Civ. _03782_ ( ) ( )

**AFFIRMATION OF SERVICE**

I, _John Doe #9   24.187.119.248_ declare under penalty of perjury that I have
_(name)_

served a copy of the attached _Motion to Quash_
_(document you are serving)_

upon _Cable Vision_ whose address is _111 Stewart_
_(name of person served)_

_Avenue  Bethpage  NY 11714- 3581_
_(where you served document)_

by _Mail, & Express Mail_
_(how you served document: For example - personal delivery, mail, overnight express, etc.)_

Dated: _____ , _____
         _(town/city)_      _(state)_

_July_      _30_ , 20_12_
_(month)_   _(day)_  _(year)_

_24.187.119.248_
_Signature_

_____
_Address_

_____
_City, State_

_____
_Zip Code_

_____
_Telephone Number_

_Rev. 05/2010_